# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RONALD A. NAPIER,
    Plaintiff

vs

WARDEN KERNS, et al.,
    Defendants

Case No. 1:09-cv-57

Weber, J.
Hogan, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff, who is proceeding pro se, brings this action against SOCF Warden Phillip Kerns, Sandra Distel, UMA Cynthia Davis, HCA Stalnaker, HQA Beecher, Assistant Administrative Warden Larry Greene, UM Brian Sparks, Nurses Britney Barr, Teresa Hill and Carol Reeder, and Doctors Owens and Bautista. The complaint alleges four claims for relief.

His first claim alleges the "cashier refused to complete 'I.F.P.'" (Doc. 1 at 5).

His second claim alleges that when he arrived at SOCF in 2001, and during the subsequent years of 2003 to 2008, he notified the medical staff, including defendants Stalnaker, Reeder, Owens and Bautista, that he "had 'already' been taking prescribed (previously) Ibuprofen 400 mg tabs, Ranitidine (Zantac), Prilosec; need(ed) eye exam for 'floaters' (iris and

2

retinal damage); require 'high calories' enhanced dietary meals/needs; protein-enhancement drink(s) (i.e., 'Ensure,' 'Boost')." (Doc. 1 at 5).

Plaintiff's third claim alleges that plaintiff "has been '3 times' denied dental work, and adequate dental 'follow-up' repairs to 'molar' and front teeth/cavities, etc. A series of x-rays and Ibuprofen tabs (which cause 'serious' health damage(s)/risk(s) after 'excessive' usage over the past '10 years' is the only 'prolonged' and 'non-consecutive,' 'non-productive to better health' treatment(s) plaintiff has been granted." (Doc. 1 at 5).

Plaintiff's fourth claim for relief alleges that when he complained "over the past 12 months" to "to Health Care Administrator plaintiff was 'falsely' accused of denying medical exams." (Doc. 1 at 5). He seeks monetary, declaratory, and injunctive relief.

Plaintiff's first claim must be dismissed because the institutional cashier has submitted the necessary financial information to the Court, *see* Doc. 4, and plaintiff has been granted leave to proceed *in forma pauperis* in this case.

Plaintiff's second and third claims must be dismissed for failure to state a claim for relief under the Eighth Amendment against any named defendant. In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible

3

residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff's second claim indicates that at some unspecified point in time, plaintiff notified medical personnel of certain medications he was taking, that he needed an eye examination, and that he required a high calorie diet. However, plaintiff never alleges any facts indicating he was ever denied medications, an examination, or an appropriate diet. He fails to allege any facts indicating what action any of the defendants took or failed to take with regard to his particular medical conditions (or what those particular conditions are for that matter) or that he suffered any adverse consequences as a result. Although pro se complaints are entitled to a liberal construction, the Court is not required to conjure up allegations which are not plead, *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988), nor does the Court have discretion to permit plaintiff to amend his complaint to avoid sua sponte dismissal. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). The Court cannot discern a viable Eighth Amendment claim based on the facts asserted in claim two of the complaint.

4

Claim three of the complaint must likewise be dismissed for failure to state a viable claim for deliberate indifference to medical needs. To state a claim for relief under the Eighth Amendment, plaintiff must allege facts showing the defendants were deliberately indifferent to a serious dental need. As the Sixth Circuit recently recognized,

> [N]ot all dental problems constitute serious medical needs. Rather, '[a] cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities.'

*McCarthy v. Place*, 2008 WL 5069039, *4 (6th Cir. 2008) (unreported) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)). Plaintiff alleges he was denied "dental work" on three occasions. However, he fails to allege when he requested treatment, for what dental condition he sought treatment, from whom he requested treatment, and any adverse consequences from the denial of treatment on three occasions. He also alleges he was denied "adequate" follow-up treatment for molar and front teeth cavities. Again, plaintiff fails to allege what treatment he failed to receive, the individuals who denied "adequate" follow-up treatment, or any other particular facts indicating any of the named defendants knew of a serious dental condition which posed a substantial risk of serious harm to plaintiff and yet disregard that risk. Moreover, plaintiff admits he was given x-rays and pain medication for his dental condition and therefore received some treatment, albeit not the treatment he desired. Plaintiff's allegations may amount to negligent treatment, but without more, the Court is unable to conclude that plaintiff's complaint states a claim for relief under the Eighth Amendment for a denial of dental care.

Finally, plaintiff's fourth claim for relief states he was "falsely accused of denying

medical exams" when he complained to the Health Care Administrator. This allegation fails to state a claim for relief under section 1983 because allegations of verbal harassment, threats, or verbal abuse, without more, do not rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 157 (2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Nor does plaintiff allege he suffered any harm or adverse consequences as a result of being falsely accused. Therefore, this claim for relief must be dismissed.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 2/23/09

Herman J. Weber
United States Senior District Judge

6